IN THE SUPREME COURT OF TENNESSEE
AT NASHVILLE
February 5, 2015 Session

**RICHARD MORENO**
v.
**CITY OF CLARKSVILLE**

**Appeal by Permission from the Court of Appeals, Middle Section**
**Circuit Court of Montgomery County**
**No. MCCCCVOD122906    Michael R. Jones, Judge**

_____

**No. M2013-01465-SC-R11-CV – Filed September 18, 2015**
_____


In this appeal, the claimant seeks to toll the statute of limitations on his claim against a municipality based on two statutes: (1) Tennessee Code Annotated § 20-1-119, the 90-day "window" in Tennessee's comparative fault statute to name a non-party defendant as a comparative tortfeasor, and (2) Tennessee Code Annotated § 9-8-402(b), the tolling provision in the Tennessee Claims Commission Act that states that the filing of written notice of a claim against the State tolls all statutes of limitations as to other persons potentially liable to the claimant.  The trial court dismissed the claimant's complaint against the municipality.  It held that, because the antecedent complaint against the State of Tennessee was filed in the Tennessee Claims Commission after expiration of the one-year limitations period, the 90-day window under Section 20-1-119 to file the lawsuit against the municipality, as a comparative tortfeasor, was never triggered.  The Court of Appeals reversed, reasoning that the claimant's written notice of his claim against the State, filed with the Division of Claims Administration before the one-year limitations period elapsed, was an "original complaint" within the meaning of Section 20-1-119, so the lawsuit against the municipality was timely.  The municipality appeals.  We hold that the complaint, not the written notice of a claim, is the "original complaint" under Section 20-1-119, so the 90-day window to name a non-party defendant as a comparative tortfeasor was never triggered in this case.  We also hold that Section 9-8-402(b), the tolling provision in the Claims Commission Act, is not applicable to toll the statute of limitations for a claim against a municipality filed under Tennessee's Governmental Tort Liability Act.  Therefore, this action is time-barred.

**Tenn. R. App. P. 11 Appeal by Permission; Judgment of the Court of Appeals Reversed; Motion to Dismiss Claim Granted**

HOLLY KIRBY, J., delivered the opinion of the Court, in which SHARON G. LEE, C.J., CORNELIA A. CLARK, and JEFFREY S. BIVINS, JJ., joined. GARY R. WADE, J., filed a separate dissenting opinion.

Amy J. Farrar, Murfreesboro, Tennessee, Lance A. Baker and Jeffrey T. Goodson, Clarksville, Tennessee, for the appellant, City of Clarksville, Tennessee.

Bruce Kennedy and John T. Maher, Clarksville, Tennessee, for the appellee, Richard Moreno.

**OPINION**

**Factual and Procedural Background**

On December 24, 2009, at approximately 5:00 p.m., as Appellee Richard Moreno was driving his car across the Neal Tarpley Bridge in Clarksville, Tennessee, a large tree fell across the bridge onto Mr. Moreno's vehicle. The tree was planted on property owned by the State of Tennessee. Mr. Moreno sustained serious bodily injury in the accident, as well as significant property damage.

On December 17, 2010, within one year of the accident, Mr. Moreno filed a timely written notice of his claim against the State of Tennessee with the Tennessee Department of Treasury's Division of Claims Administration ("Division of Claims"), in accordance with the Tennessee Claims Commission Act.[1] Section 9-8-402(a) of the Claims Commission Act provides that the claimant must "give written notice of the claimant's claim to the division of claims administration as a condition precedent to recovery." Tenn. Code Ann. § 9-8-402(a)(1). Mr. Moreno's written notice consisted of a signed and dated Tennessee Department of Treasury form filled out with his information and two attached exhibits: Mr. Moreno's description of the accident and a description of the damages he incurred, including his medical expenses available at the time of the notice and the estimated damages to his vehicle. In the written notice, Mr. Moreno asserted that he had sustained over $25,000 in damages, with the proviso that he expected additional medical bills because he was still receiving treatment for his injuries.

---

[1] The Tennessee Claims Commission Act is codified in its entirety at Tennessee Code Annotated §§ 9-8-301, et seq.

For reasons that do not appear in the record, the Division of Claims failed to either honor or deny Mr. Moreno's claim within the 90-day period set forth in Section 9-8-402(c).[2] Tenn. Code Ann. § 9-8-402(c). Consequently, in accordance with the statute, on March 17, 2011, the Division of Claims transferred Mr. Moreno's claim to the administrative clerk of the Claims Commission. Id.

On March 30, 2011, Mr. Moreno received an initial order from the Claims Commissioner, outlining the Claims Commission's governing procedures. Among other things, the order stated: "A formal complaint should be filed with the Clerk's Office and served upon the Commissioner and opposing counsel within thirty days of transfer of any claim to the Commission."

As per the order, on April 14, 2011, Mr. Moreno filed a formal complaint against the State of the Tennessee with the Claims Commission. The complaint alleged that the State maintained and created the roadway and bridge, as well as the surrounding trees and other foliage, in a manner that was negligent and grossly negligent.

On May 18, 2011, the State filed an answer to Mr. Moreno's complaint. The answer included several affirmative defenses but did not mention other potential tortfeasors. Discovery ensued.

Sixteen months later, on September 18, 2012, the State filed a motion to amend its answer. The amended answer alleged that the Appellant in this case, the City of Clarksville, Tennessee ("City of Clarksville" or "City") was comparatively at fault in Mr. Moreno's accident. The State asserted that a recent inspection indicated that water run-off may have created erosion that rendered the subject tree unstable and caused it to fall on Mr. Moreno's vehicle. The amended answer asserted that the water run-off may have come from a City of Clarksville storm drain, rather than from a state road. On October 5, 2012, the Claims Commission filed an order permitting this amendment to the State's original answer.

In response, on November 5, 2012, Mr. Moreno filed a motion with the Claims Commission to amend his original complaint to add the City of Clarksville as a defendant, based on its alleged negligence. The motion attached a copy of the proposed amended complaint.

---

[2] Tennessee Code Annotated § 9-8-402(c) provides: "The division of claims administration shall investigate every claim and shall make every effort to honor or deny each claim within ninety (90) days of receipt of the notice. . . . If the division fails to honor or deny the claim within the ninety-day settlement period, the division shall automatically transfer the claim to the administrative clerk of the claims commission." Tenn. Code Ann. § 9-8-402(c).

On November 26, 2012, before the Claims Commission acted on Mr. Moreno's motion to amend his complaint, Mr. Moreno filed a separate complaint against the City in the Circuit Court of Montgomery County, Tennessee. The Circuit Court complaint alleged that the City was negligent and not immune from suit under Tennessee's Governmental Tort Liability Act (GTLA).[3] Mr. Moreno's Circuit Court complaint stated:

> 5. This Complaint is being filed pursuant to T.C.A. § 20-1-119 and Tennessee Rule of Civil Procedure 15.[4]
>
> 6. That a timely Complaint was filed with the Claims Commission of the State of Tennessee Claim No. T21000677. That an Answer was filed by the State of Tennessee.
>
> 7. That on September 18, 2012[,] the State of Tennessee filed a Motion to Amend their Answer to include the City of Clarksville. On October 5, 2012[,] an Order was entered allowing the State to amend their Answer. That on November 2, 2012, the Claimant filed a Motion to Amend the original Complaint.

(Footnote added).

After Mr. Moreno filed the Circuit Court complaint against the City of Clarksville, he filed a motion with the Claims Commission to withdraw his pending motion to amend the Claims Commission complaint to add the City of Clarksville as a defendant. The motion to withdraw was granted, so Mr. Moreno's complaint with the Claims Commission was not amended to add the City as a defendant.

On February 11, 2013, the City of Clarksville filed a motion in the Circuit Court to dismiss Mr. Moreno's claim. The motion asserted that Mr. Moreno's claim was time-barred under Tennessee Code Annotated § 20-1-119, Tennessee's comparative fault statute, which governs the addition of a defendant where a named defendant asserts in its answer that a person not a party to the suit caused or contributed to the injury.

On February 20, 2013, Mr. Moreno and the State entered into a consent order under which the Claims Commission transferred the Claims Commission proceedings

---

[3] The GTLA is codified at Tennessee Code Annotated §§ 29-20-101, et seq. In his complaint against the State, Mr. Moreno relies on Tennessee Code Annotated §§ 29-20-203 and -20. As discussed below, claims against the State are not governed by the GTLA.

[4] Mr. Moreno's Circuit Court complaint states that it is filed pursuant to Tennessee Code Annotated § 20-1-119; it does not reference the tolling provision contained in Tennessee Code Annotated § 9-8-402(b).

against the State to the Montgomery County Circuit Court.[5]  After the transfer, no other proceedings remained pending before the Claims Commission.  In the Circuit Court, Mr. Moreno's claims against the State and his claims against the City of Clarksville were consolidated into a single action.

On April 26, 2013, the Circuit Court held a hearing on the City's motion to dismiss.  Counsel for Mr. Moreno argued that the Circuit Court should deny the City's motion to dismiss.  He stressed that he had fully complied with the procedural requirements in the Claims Commission Act.  He contended that Mr. Moreno's claim against the City was timely based on two different statutes: (1) Tennessee Code Annotated § 9-8-402(b), the provision in the Claims Commission Act that states that the filing of the written notice in the Claims Commission "tolls all statutes of limitations as to other persons potentially liable" due to the occurrence that is the subject of the claim, and (2) Tennessee Code Annotated § 20-1-119, the provision in the comparative fault statutes that permits a plaintiff to add a defendant who was named in an answer as potentially at fault for the injury.

Counsel for the City of Clarksville argued that the Circuit Court should grant the motion to dismiss.  He emphasized the plain language of Section 20-1-119 and contended that the claimant must file an "original complaint" within the original statute of limitations in order to take advantage of the 90-day statutory window to add a non-party who is named in an answer as potentially at fault.  He analogized the pre-suit written notice in the Claims Commission Act to the pre-suit notice required in a health care liability action.  He also argued that Section 9-8-402(b) was inapplicable.

On May 20, 2013, the Circuit Court entered an order granting the City's motion to dismiss.  In considering Tennessee Code Annotated § 20-1-119, the Circuit Court observed that Mr. Moreno filed his Claims Commission complaint against the State on

---

[5] Tennessee Code Annotated § 9-8-404(b) provides for such a transfer:

> (b) The commission may transfer the action to the appropriate chancery or circuit court with venue on its own after a determination, in writing, by the commission that fair and complete resolution of all claims involved cannot be accomplished in administrative proceedings before the commission. Such transfers shall be limited to tort claims arising out of the same fact situation where much of the evidence to be presented would be admissible against the state and one (1) or more additional defendants.  If such transferred claim is not consolidated for trial, the claim against the state shall be transferred back to the commission.  If, prior to the time of trial, all claims other than those against the state have been dismissed, settled or otherwise concluded, upon motion of the state the claim shall be transferred back to the commission. The transferred claim shall be handled in accordance with this part, except the normal procedural rules of the court shall be applicable.  Appeal from the chancery or circuit court shall be to the court of appeals.

Tenn. Code Ann. § 9-8-404(b) (2012).

April 14, 2011, approximately sixteen months after the accident, and so concluded that Mr. Moreno had failed to file "an original complaint against the State within the applicable statute of limitations." Consequently, the Circuit Court held, Mr. Moreno did not satisfy the requirement in Section 20-1-119 that the non-party potentially at fault be named in an answer filed by a defendant who was "named in an original complaint initiating a suit filed within the applicable statute of limitations." For this reason, the Circuit Court held that the statute's 90-day window to file a suit against the City was not triggered, so Mr. Moreno's claim against the City was time-barred.

The Circuit Court's order did not address or reference the remainder of the argument made by Mr. Moreno, that the tolling provision in the Claims Commission Act, Section 9-8-402(b), applied to toll the statute of limitations in the GTLA as to the City.

Mr. Moreno appealed. The Court of Appeals reversed the Circuit Court's dismissal of Mr. Moreno's action against the City. Moreno v. City of Clarksville, No. M2013-01465-COA-R3-CV, 2014 WL 791935, at *1 (Tenn. Ct. App. Feb. 25, 2014). The Court of Appeals first examined the three statutory schemes at issue, the Claims Commission Act, the GTLA, and the comparative fault statute. Id. at *2. After doing so, it held that Mr. Moreno's April 14, 2011 Claims Commission complaint against the State was not the "original complaint" within the meaning of the comparative fault statute, Tennessee Code Annotated § 20-1-119. Id. at *3. Rather, it determined that the written notice of claim that Mr. Moreno filed with the Division of Claims, filed within the one-year limitations period, was sufficient to trigger the 90-day window provided in Tennessee Code Annotated § 20-1-119. Id.

To reach this conclusion, the Court of Appeals first reviewed the procedures in the Claims Commission. It explained that the Claims Commission does not require a claimant to file a formal complaint in order to commence an action; it requires a formal complaint only if the matter is not resolved within the 90-day statutory settlement period and is transferred to the Claims Commission. Id. In contrast, the Court of Appeals observed, the written notice of the claim is "a condition precedent to recovery," serves to toll the statute of limitations, and "provides all the pertinent information that a complaint would." Id. at *2-3. Under these circumstances, it reasoned, the written notice should be considered "an original complaint" within the meaning of Tennessee Code Annotated § 20-1-119. Id. *3. The Court of Appeals rejected the City's argument that strict judicial interpretation of Tennessee Code Annotated § 20-1-119 is required. It found instead that it was compelled to "look past form to substance." Id. Doing so, it had "no difficulty finding that the notice of claim is the original complaint under Tenn. Code Ann. § 20-1-119." Id. at *3.

The Court of Appeals declined to opine on whether the tolling provision in the Claims Commission Act, Tennessee Code Annotated § 9-8-402(b), is applicable to claims brought under the GTLA. Id. at *4. It held that, once Mr. Moreno met the

"original complaint" requirement and the other requirements set forth in Tennessee Code Annotated § 20-1-119, the statute of limitations in the GTLA could be appropriately extended under Tennessee Code Annotated § 20-1-119, without relying on the tolling provision in the Claims Commission Act. Id. at *4.

We granted the City's request for permission to appeal this ruling.[6]

**Issues Presented and Standard of Review**

On appeal, the City of Clarksville argues that the Court of Appeals erred in reversing the Circuit Court's dismissal of Mr. Moreno's claim. It contends that his claim is time-barred for two reasons.

First, the City argues that the Court of Appeals erred in finding that the written notice filed in the Division of Claims served as "an original complaint" sufficient to satisfy the requirements of the comparative fault statute, Tennessee Code Annotated § 20-1-119.

Second, the City maintains that the tolling provision in the Claims Commission Act, Section 9-8-402(b), does not apply to extend the statute of limitations applicable to GTLA claims because there is no specific statutory language permitting such an extension.

This case is on appeal from the trial court's grant of a Rule 12.02(6) motion to dismiss the claimant's complaint, and the intermediate appellate court's reversal of that dismissal. See Tenn. R. Civ. P. 12.02(6). A Rule 12.02(6) motion tests the legal sufficiency of the plaintiff's complaint, not the strength of the plaintiff's evidence. Doe v. Sundquist, 2 S.W.3d 919, 922 (Tenn. 1999) (citing Riggs v. Burson, 941 S.W.2d 44, 47 (Tenn. 1997)). In reviewing the trial court's disposition of a Rule 12.02(6) motion to dismiss, we must take the factual allegations contained in the complaint as true and review the lower court's legal conclusions *de novo* with no presumption of correctness. Tigg v. Pirelli Tire Corp., 232 S.W.3d 28, 31 (Tenn. 2007); Trau-Med of Am., Inc. v. Allstate Ins. Co., 71 S.W.3d 691, 696-97 (Tenn. 2002).

The issues raised on appeal require us to interpret statutes. The construction of a statute is a question of law, which is reviewed *de novo* with no presumption of correctness. Austin v. State, 222 S.W.3d 354, 357 (Tenn. 2007) ("The applicability of Tennessee Code Annotated section 20-1-119 is a question of statutory construction that we review de novo with no presumption of correctness."); Gleaves v. Checker Cab Transit Corp., 15 S.W.3d 799, 802 (Tenn. 2000).

---

[6] Moreno's claim against the State is not at issue in this appeal.

**Analysis**

In Tennessee, personal injury claims against the State filed with the Claims Commission are subject to a one-year statute of limitations.[7] See Tenn. Code Ann. § 28-3-104(a)(1) (2000). In this case, under the procedures of the Claims Commission, Mr. Moreno's claim against the State was timely filed. See Tenn. Code Ann. § 9-8-402. However, Mr. Moreno's GTLA complaint against the City of Clarksville was filed in the Circuit Court on November 26, 2012, almost three years after the accident occurred. Mr. Moreno's claims against the City are time-barred unless he can meet his burden of establishing an exception to the one-year statute of limitations. See Deal v. Hastings, No. W2003-00912-COA-R3-CV, 2003 WL 23100341, at *1 (Tenn. Ct. App. Dec. 22, 2003) ("When a defendant establishes their entitlement to a statute of limitations defense, the burden of proof shifts to the plaintiff to establish an exception.") (citing Smith v. Southeastern Props., Ltd., 776 S.W.2d 106, 109 (Tenn. Ct. App. 1989)); Shaffer v. Memphis Airport Auth., Serv. Mgmt. Sys., No. W2012-00237-COA-R9-CV, 2013 WL 209309, at *5 (Tenn. Ct. App. Jan. 18, 2013).

On appeal, Mr. Moreno argues that his claim against the City falls within two different exceptions to the one-year statute of limitations. We examine each in turn.

*Comparative Fault Statute*

The holdings of the Circuit Court below and the Court of Appeals were both based on interpretation of Tennessee's comparative fault statute, Tennessee Code Annotated § 20-1-119. The Circuit Court held that the statute's 90-day window to file a suit against the City was not triggered because Mr. Moreno did not file his complaint against the State within the one-year statute of limitations, so Mr. Moreno's claim against the City was time-barred. Moreno, 2014 WL 791935, at *1. Reversing this holding, the Court of Appeals held that the written notice of Mr. Moreno's claim against the State, filed within one year of the accident, is the "original complaint" under Section 20-1-119, so Mr. Moreno's complaint against the City of Clarksville was filed within the 90-day window. Id. at *3-4.

On appeal, the City argues that the Court of Appeals' construction of Section 20-1-119 is contrary to the plain language of the statute, that a notice of a claim is not a "complaint" as is required to trigger the statute's 90-day window for filing a claim against a non-party who is identified in an answer as potentially at fault for the injury. In response, Mr. Moreno contends that the reasoning of the Court of Appeals is consonant

---

[7] Under Tennessee Code Annotated § 9-8-402(b), the statute of limitations applicable to a claim filed with the Claims Commission is the "statute of limitations applicable by the courts for similar occurrences from which the claim arises." Tenn. Code Ann. § 9-8-402 (2012).

with the language and the intent of Section 20-1-119. He maintains that the 90-day statutory window in Section 20-1-119 was triggered under the circumstances presented in this case, so his complaint against the City of Clarksville was timely filed.

Section 20-1-119 has been described as providing a "grace period" for a plaintiff to add a defendant to the lawsuit even if the applicable limitations period has elapsed. Mills v. Fulmarque, 360 S.W.3d 362, 370 (Tenn. 2012). The statute provides:

(a) In civil actions where comparative fault is or becomes an issue, *if a defendant named in an original complaint initiating a suit filed within the applicable statute of limitations* . . . alleges in an answer or amended answer to the original or amended complaint that a person not a party to the suit caused or contributed to the injury or damage for which the plaintiff seeks recovery, and if the plaintiff's cause or causes of action against that person would be barred by any applicable statute of limitations but for the operation of this section, the plaintiff may, within ninety (90) days of the filing of the first answer or first amended answer alleging that person's fault, either:

(1) Amend the complaint to add the person as a defendant pursuant to Tenn. R. Civ. P. 15 and cause process to be issued for that person; or

(2) Institute a separate action against that person by filing a summons and complaint. If the plaintiff elects to proceed under this section by filing a separate action, the complaint so filed shall not be considered an original complaint initiating the suit or an amended complaint for purposes of this subsection (a).

(b) A cause of action brought within ninety (90) days pursuant to subsection (a) shall not be barred by any statute of limitations . . . .

(c) This section shall neither shorten nor lengthen the applicable statute of limitations for any cause of action, other than as provided in subsection (a).

. . . .

(f) As used in this section, "person" means any individual or legal entity.

(g) Notwithstanding any law to the contrary, this section applies to suits involving governmental entities.

- 9 -

Tenn. Code Ann. § 20-1-119 (2009) (emphasis added).  Thus, the 90-day "grace period" applies in this case only if the State was named as a defendant "in an original complaint initiating a suit filed within the applicable statute of limitations."  Id.  Because it is undisputed that Mr. Moreno's complaint against the State was filed with the Claims Commission more than one year after the accident, we are tasked with determining whether the written notice of Mr. Moreno's claim against the State, filed in the Division of Claims within one year of the accident, is "an original complaint" within the meaning of Section 20-1-119.

In doing so, we are guided by the familiar rules of statutory construction.  "The most basic principle of statutory construction is to ascertain and give effect to the legislative intent without unduly restricting or expanding a statute's coverage beyond its intended scope."  Owens v. State, 908 S.W.2d 923, 926 (Tenn. 1995); see also Gleaves, 15 S.W.3d at 802-03.  "The text of the statute is of primary importance."  Mills, 360 S.W.3d at 368.  "A statute should be read naturally and reasonably, with the presumption that the legislature says what it means and means what it says."  In re Kaliyah S., 455 S.W.3d 533, 552 (Tenn. 2015) (citing BellSouth Telecomms., Inc. v. Greer, 972 S.W.2d 663, 673 (Tenn. Ct. App. 1997)).

Noting that this action originated in the Division of Claims, the Court of Appeals looked to the Claims Commission procedures to ascertain whether the written notice Mr. Moreno filed with the Division of Claims constituted "an original complaint" under Section 20-1-119(a).  Under the statutes and regulations governing the Claims Commission, it observed, a written notice of a claim is required, the written notice tolls the statute of limitations, a formal complaint is not required if the claim is resolved based on the notice, and the written notice contains much the same information as a formal complaint.  Moreno, 2014 WL 791935, at *2-3 (citing Tenn. Code Ann. §§ 9-8-402 and 9-8-403; Tenn. Comp. R. & Regs. 0310–01–01–.01(2)).  The Court of Appeals emphasized that the Claims Commission regulations provide that Rule 3 of the Tennessee Rules of Civil Procedure, which states that "civil actions are commenced by filing a complaint," does not apply in Claims Commission proceedings.  Id. (citing Tenn. R. & Regs. 0310–01–01–.01(2), which states that "TRCP Rule 3 is not followed"); see also Tenn. R. Civ. P. 3.  Instead, Claims Commission proceedings (other than tax claims) are "commenced by filing a written notice of claim" with the Division of Claims under Section 9-8-402. Tenn. R. & Regs. 0310–01–01–.01(2)(b).  Given these provisions in the Claims Commission Act and the accompanying regulations, the Court of Appeals reasoned, "the notice of claim is the original complaint" under the comparative fault statute, Section 20-1-119.  Moreno, 2014 WL 791935, at *3.

We examine this holding in light of the purpose and language of both the Claims Commission Act and the comparative fault statute.  The Claims Commission Act sets forth a structure designed to afford the State ample opportunity to resolve a claim administratively, without the need for a lawsuit.  See Brown v. State, 783 S.W.2d 567,

- 10 -

572 (Tenn. Ct. App. 1989) (Koch, J., concurring) ("Tenn. Code Ann. § 9-8-402(a) [requiring claimants to file written notice of claim with Division of Claims] is intended to make sure that the proper state officials receive notice of the claim to enable them to investigate the matter and to make a prompt administrative disposition of the claim."). Thus, it requires a written notice with basic information about the claim,[8] and provides that the applicable statute of limitations is tolled by the filing of the notice. Tenn. Code Ann. § 9-8-402. The Act then gives the Division of Claims a "ninety-day settlement period" in which it is to investigate the claim and "make every effort" to either honor or deny it. Tenn. Code Ann. § 9-8-402(c). If the Division decides to honor the claim, the statute addresses its efforts to settle with the claimant. Id. If the claim is either honored or denied within the 90-day "settlement period," the claimant is informed of his right to file a claim with the Claims Commission. However, if it is neither honored nor denied during the settlement period, the claim is automatically transferred to the administrative clerk of the Claims Commission for adjudication. Id.

As noted by the Court of Appeals, if the matter is not settled during the 90-day settlement period and is transferred to the Claims Commission's administrative clerk, the Claims Commission regulations provide that the claimant "shall file a complaint (which complies with TRCP 8 and 10)." Moreno, 2014 WL 791935, at *3 n.2; Tenn. Comp. R. & Regs. 0310–01–01–.01(2)(d)(3.). Thus, under the Claims Commission Act and the accompanying regulations, the written notice and the complaint serve different functions. The written notice triggers a protected 90-day "settlement period" designed to facilitate the resolution of claims without litigation. The State is neither expected nor required to file an answer to the notice of the claim, and the claimant is not entitled to discovery during the protected settlement period. To adjudicate the claim, the notice alone will not suffice; the claimant must also file a complaint that complies with Rules 8 and 10 of the Tennessee Rules of Civil Procedure.

---

[8] The Tennessee Department of the Treasury provides a form to facilitate the filing of a written claim, but does not require the use of the form so long as the claimant provides the necessary information. See Div. of Claims, Workers' Compensation, Tenn. Dep't of Treasury, http://www.treasury.state.tn.us/ClaimsAdmin/Tort.html (capitalization required)(last visited Aug. 25, 2015). Section 9-8-402(a)(2) details the information the written notice should provide:

> The notice shall state the circumstances upon which the claim is based, including, but not limited to: the state department, board, institution, agency, commission or other state entity that allegedly caused the injury; the time and place of the incident from which the claim arises; and the nature of the claimant's injury.

Tenn. Code Ann. § 9-8-402(a)(2).

Next, we look to the purpose and language of the comparative fault statute, Tennessee Code Annotated § 20-1-119. This Court outlined the genesis of Section 20-1-119 in Becker v. Ford Motor Co., 431 S.W.3d 588, 590-94 (Tenn. 2014). Becker noted that, over twenty years ago, the Court adopted the doctrine of comparative fault in McIntyre v. Balentine, 833 S.W.2d 52 (Tenn. 1992). Becker, 431 S.W.3d at 590. In doing so, the Court abandoned the doctrine of contributory negligence and rendered largely obsolete the doctrine of joint and several liability. Id. at 591. This, the Becker Court observed, "created a new predicament for plaintiffs [because the McIntyre] decision did not directly address the circumstance where a defendant, in its answer, asserts a comparative fault claim against a non-party after the statute of limitations has run on the plaintiff's claim against that non-party." Id.

The next year, the Becker Court recounted, Tennessee's legislature "addressed this problem by enacting" Section 20-1-119. Id. Put succinctly, Section 20-1-119 "allows a plaintiff a limited time within which to amend a complaint to add as a defendant any person alleged by another defendant to have caused or contributed to the injury, even if the statute of limitations applicable to a plaintiff's cause of action against the added defendant has expired." Owen v. Truckstops of Am., 915 S.W.2d 420, 427 (Tenn. 1996). The Becker Court explained that "the purpose of this statute was to provide a plaintiff 'with a fair opportunity to bring before the [trial] court all persons who caused or contributed to the [plaintiff's] injuries.'" Becker, 431 S.W.3d at 592 (quoting Mann v. Alpha Tau Omega Fraternity, 380 S.W.3d 42, 50 (Tenn. 2012)). Becker cautioned that Section 20-1-119 "should not be construed narrowly because it is an integral part of a comparative fault system that is built on the concepts of fairness and efficiency." Id. (citing Mann, 380 S.W.3d at 50).

At the same time, this Court has emphasized that Section 20-1-119 must be interpreted in a manner that comports with the "natural and ordinary meaning" of the words used in the statute. Mills, 360 S.W.3d at 368. In Mills, the Court considered whether Section 20-1-119(a) "affords successive[,] ninety-day windows during which a plaintiff may amend a complaint to add a new nonparty defendant as a comparative tortfeasor." Id. at 364. The intermediate appellate court in Mills had held that it did, reasoning that the phrase "applicable statute of limitations" in Section 20-1-119 referred both to the one-year limitations period for personal injury causes of action and "to the limitation[s] period as extended by the ninety-day window." Id. at 366 (quoting Mills v. Fulmarque, Inc., No. W2010-00933-COA-R3-CV, 2010 WL 5449839, at *1 (Tenn. Ct. App. Dec. 23, 2010)).

On appeal, this Court rejected the Court of Appeals' characterization of the 90-day statutory "grace period" as a "statute of limitations." Mills, 360 S.W.3d at 369-70. It observed that the intermediate appellate court's interpretation was "inconsistent with the natural and ordinary meaning of the phrase 'applicable statute of limitations'" and "inconsistent with its usage" elsewhere in the same statute. Id. at 368-69. Consequently,

- 12 -

the Mills Court held that "the phrase 'applicable statute of limitations' used in the body of [Section 20-1-119] does not refer to the ninety-day period, but refers only to the statute of limitations applicable to the plaintiff's cause of action." Id. at 370. Accordingly, it held that Section 20-1-119 does not provide for successive 90-day windows to name a non-party defendant as a comparative tortfeasor. Id. at 371.

Our Court of Appeals has likewise taken care to interpret the language in Section 20-1-119 in a way that is natural and unforced. In Grindstaff v. Bowman, the defendant named by the plaintiffs in the original complaint did not identify the potential comparative tortfeasor in his answer to the complaint. No. E2007-00135-COA-R3-CV, 2008 WL 2219274, at *4 (Tenn. Ct. App. May 29, 2008). Instead, the named defendant identified the potential comparative tortfeasor in a separate letter to the plaintiffs' attorney, sent roughly the same time he filed his answer. Id. The plaintiffs argued that this was sufficient to satisfy the requirements of § 20-1-119; to hold otherwise, they contended, would be to construe the statute too narrowly and would create an inequitable result. Id.

The Court of Appeals in Grindstaff acknowledged that Section 20-1-119 must be interpreted in a manner that is "'consistent with notions of fairness and efficiency' that 'form the basis of [the comparative fault] system.'" Id. at *3 (citing Browder v. Morris, 975 S.W.2d 308, 312 (Tenn. 1998)). However, it rejected the notion that this principle supported an interpretation that went beyond the statutory language:

> Although [Section] 20-1-119 has been interpreted broadly by the Supreme Court, the plaintiffs' suggested construction is a clear deviation from the meaning of the statute's plain language. We cannot endorse such a reading . . . . By its own terms, [Section] 20-1-119 applies only where "a defendant . . . alleges in an answer or amended answer to the original or amended complaint that a person not a party to the suit caused or contributed to the injury or damage for which the plaintiff seeks recovery.". . . This language is clear and unambiguous. A letter from [the named defendant's] attorney to the plaintiffs' attorney, which was not made a part of [the named defendant's] formal answer and only became part of the record when the plaintiffs offered it as an exhibit in opposition to summary judgment, simply is not the same thing as an "answer." . . .
>
> . . . [W]e cannot deviate from the plain language of the statute where it is unambiguous, and in any event we see no "equitable" reason to do so. . . . [I]nvoking [Section] 20-1-119 in this case "would not advance the comparative fault system's twin goals of fairness and efficiency."

Id. at *4 (internal citations and emphasis omitted). Thus, citing the plain language in the statute, the Court of Appeals held that, because a letter is not an answer, Section 20-1-119

- 13 -

did not apply to allow the plaintiff to assert a claim against the potential comparative tortfeasor named in the defendant's letter.

The Court of Appeals considered a similar issue in Shaffer v. Memphis Airport Authority Services Management Systems, Inc., No. W2012-00237-COA-R9-CV, 2013 WL 209309 (Tenn. Ct. App. Jan. 18, 2013). In Shaffer, the defendant named in the plaintiff's original complaint did not identify a potential non-party comparative tortfeasor in its answer. Rather, the defendant referred to an alleged non-party tortfeasor in a discovery response. Id. at *2. The plaintiff sought to add the potential comparative tortfeasor as a defendant and argued that the defendant's reference to the potential tortfeasor in a discovery response was sufficient to trigger the 90-day grace period in Section 20-1-119. Id. at *7. Relying on Grindstaff, the Shaffer Court rejected this argument:

> By its terms, Section 20-1-119 provides a kind of safe harbor to a plaintiff, a window of opportunity to amend the complaint to add a defendant after the statute of limitations has run. . . . [T]his window is opened only under the limited circumstances specified in the statute, namely, where "a defendant named in an original complaint . . . filed within the applicable statute of limitations . . . alleges in an answer or amended answer . . . that a person not a party to the suit caused or contributed to the injury . . . for which the plaintiff seeks recovery. . . ." Tenn. Code Ann. § 20-1-119(a). Similar to the Court's observation in Grindstaff, we note that a discovery response "simply is not the same thing as an 'answer.'" Grindstaff, 2008 WL 2219274, at *4, 2008 Tenn. Appl. LEXIS 323, at *11. Consequently, we must conclude that Section 20-1-119 is not applicable under the facts of this case, and [the plaintiff] has not met her burden of establishing that her claim against [the potential comparative tortfeasor] is excepted from the statute of limitations under Section 20-1-119.

Id. at *8 (emphasis omitted). Relying on the plain language in Section 20-1-119, then, the Shaffer Court rejected the plaintiffs' argument that a reference to a potential non-party tortfeasor in a discovery response permitted the plaintiff to invoke the 90-day grace period in the statute. Id., see also Johnson v. Trane U.S., Inc., No. W2011-01236-COA-R3-CV, 2013 WL 4436396, at *5 (Tenn. Ct. App. Aug. 19, 2013) (rejecting argument that an indispensable party is analogous to a comparative fault tortfeasor for purposes of determining whether Section 20-1-119 should apply to indispensable parties).

In this case, we are mindful that the Court of Appeals sought to interpret Section 20-1-119 in a manner that would comport with the admonition in Becker not to construe the statute "narrowly because it is an integral part of a comparative fault system that is built on the concepts of fairness and efficiency." Becker, 431 S.W.3d at 592. As pointed out by the Court of Appeals below, the written notice that is required under the Claims

Commission Act shares some characteristics with a complaint. Moreno, 2014 WL 791935, at *2-3. We are constrained, however, to construe the language in Section 20-1-119 in a way that is natural, ordinary, and unforced. Just as the Mills Court observed that the 90-day grace period in Section 20-1-119 is not a statute of limitations, and similar to the Court of Appeals' observation in Grindstaff and Shaffer that neither a letter nor a discovery response is an answer, we must respectfully disagree with the Court of Appeals' holding that "the notice of claim is the original complaint" under Section 20-1-119. It is not.

Accordingly, we reverse the holding of the Court of Appeals on this issue.

### *Tolling Provision in Claims Commission Act*

The next issue, an alternative argument based on the tolling provision in the Claims Commission Act, was argued to both the Circuit Court and the Court of Appeals.[9] However, neither of the lower courts addressed the issue, despite the fact that they reached opposite conclusions. The Circuit Court simply failed to rule on the issue, and the Court of Appeals' holding pretermitted it. We must address the issue, but in doing so, we are not reviewing a decision by either of the lower courts.

In this alternative argument, Mr. Moreno relies on the tolling provision in the Claims Commission Act, Tennessee Code Annotated § 9-8-402(b). This provision states: "The filing of the notice by the claimant tolls *all* statutes of limitations as to *other persons potentially liable* to the claimant due to the occurrence from which the claim before the commission arises." Tenn. Code Ann. § 9-8-402(b)(2013) (emphasis added). Emphasizing the broad inclusive language of this tolling provision, Mr. Moreno argues that the filing of the written notice of his claim against the State, filed with the Division of Claims within one year of the accident, served to toll the statute of limitations as to the City of Clarksville. He argues that it is appropriate in this case to apply the Claims Commission Act tolling provision to his GTLA claim against the City, since both the Claims Commission Act and the GTLA apply to governmental entities in the context of waiving sovereign immunity in certain defined instances.

The City of Clarksville notes that the one-year statute of limitations applicable to Mr. Moreno's claim against the City is contained in the GTLA. It provides that an action under the GTLA "must be commenced within twelve (12) months after the cause of

---

[9] Mr. Moreno's complaint against the City of Clarksville, filed in the Circuit Court, does not refer to the tolling provision in Section 9-8-402(b). It cites only Section 20-1-119 as a basis for tolling the statute of limitations. However, our review of the record indicates that the argument was raised and argued to the Circuit Court and to the Court of Appeals.

action arises." Tenn. Code Ann. § 29-20-305(b). The City argues that a broad general statute such as Section 9-8-402 may not be used to extend the GTLA statute of limitations in the absence of statutory language clearly evidencing legislative intent to do so. In support, the City cites this Court's decision in Cunningham v. Williamson County General Hospital District, 405 S.W.3d 41 (Tenn. 2013). Because Section 9-8-402 has no specific language stating that the statute of limitations in the GTLA is among those that are tolled by the filing of the notice, the City maintains that Mr. Moreno cannot rely on the tolling provision to extend the GTLA statute of limitations on his claim against the City, so the claim must be dismissed as untimely.

To address this issue, we first examine the GTLA and then the Claims Commission Act. The background for the GTLA, the doctrine of sovereign immunity, was described by this Court in Hawks v. City of Westmoreland:

> The doctrine of sovereign immunity derives from "feudal notions of the divine right of kings. In feudal England the King was at the very pinnacle of the power structure and was answerable to no court since 'the King can do no wrong.'" The doctrine has been a part of the common law of Tennessee for more than a century and provides that suit may not be brought against a governmental entity unless that governmental entity has consented to be sued. Indeed, this longstanding rule of sovereign immunity is recognized by the Tennessee Constitution which provides, "[s]uits may be brought against the State in such manner and in such courts as the Legislature may by law direct." Art. I, § 17, Tenn. Const.

960 S.W.2d 10, 14 (Tenn. 1997) (case citations and footnotes omitted). Under the doctrine of sovereign immunity, suit "may not be brought against a governmental entity unless that governmental entity has consented to be sued." Doyle v. Frost, 49 S.W.3d 853, 857 (Tenn. 2001) (citing Hawks, 960 S.W.2d at 14). In 1973, Tennessee's General Assembly enacted the GTLA, which codifies the common law rule that governmental entities are immune from suit for any injury resulting from the activities of the governmental entities. Limbaugh v. Coffee Med. Ctr., 59 S.W.3d 73, 79 (Tenn. 2001). To that end, the GTLA provides:

> Except as may be otherwise provided in this chapter, all governmental entities shall be immune from suit for any injury which may result from the activities of such governmental entities wherein such governmental entities are engaged in the exercise and discharge of any of their functions, governmental or proprietary.

Tenn. Code Ann. § 29-20-201. After this initial reaffirmation of the general common law rule of governmental immunity, the GTLA removes governmental immunity in limited, enumerated instances for certain injuries. Limbaugh, 59 S.W.3d at 79; Ezell v. Cockrell,

- 16 -

902 S.W.2d 394, 399 (Tenn. 1995); see, e.g., Tenn. Code Ann. §§ 29-20-202 through -205. "The GTLA governs only claims against counties, municipalities, and other local governmental entities and does not apply to claims against the State." Sneed v. City of Red Bank, 459 S.W.3d 17, 24 (Tenn. 2014); see also Doyle, 49 S.W.3d at 857.

The limited waiver of governmental immunity provided for in the GTLA is in derogation of the common law. "Generally, statutes in derogation of the common law are to be strictly construed and confined to their express terms, and that rule of construction has been expressly incorporated into the [GTLA]." Doyle, 49 S.W.3d at 858 (quoting Ezell, 902 S.W.2d at 399); Auto. Sales Co. v. Johnson, 122 S.W.2d 453, 455 (Tenn. 1938) ("It is also well settled that statutes permitting suits against the State must be strictly construed."). The GTLA refers expressly to this principle of statutory construction, stating that "any claim for damages must be brought in strict compliance with the terms of this chapter." Tenn. Code Ann. § 29-20-201(c); Doyle, 49 S.W.3d at 858.

This Court has held that "[o]ne of the terms of the GTLA which demands strict compliance is the statute of limitations." Lynn v. City of Jackson, 63 S.W.3d 332, 337 (Tenn. 2001). The Lynn Court reasoned:

> [As] was explained by this Court in Automobile Sales Co. as follows:
>
> > As has been seen, it is laid down (1) that general statutes do not apply to, or affect, the State, unless they expressly so provide; and, (2) that, even more conclusive here, when a statute which creates a right of action expressly limits the time in which suit to enforce the right may be brought, time is of the essence of the right and the limitation of the remedy is a limitation of the right.
>
> [Auto. Sales Co.,] 122 S.W.2d at 458. Accordingly, Tennessee law views the twelve-month limitation period for bringing an action under the GTLA as a condition precedent which must be met. If suit is not filed within the statutory period, both the right and the remedy is extinguished.

Id.; see also Cunningham, 405 S.W.3d at 43 ("[T]he GTLA statute of limitations . . . requires strict compliance.") (citing Tenn. Code Ann. § 29-20-305(b)); Williams v. Memphis Light, Gas & Water Div., 773 S.W.2d 522, 523 (Tenn. Ct. App. 1988) ("Since the [GTLA] created a new liability, it must be strictly construed. In doing so, we find that the twelve-month limitation period of [Section] 29-20-305(b) for bringing an action is a condition precedent which much be met before a suit may be brought against the governmental entity.").

In Cunningham, the Court expounded on how the imperative of strict compliance with the GTLA statute of limitations affects the interpretation of other statutes. 405 S.W.3d at 44-46. In Cunningham, the Court considered the interplay between the GTLA statute of limitations and the provision in the Medical Malpractice Act that extends the "applicable statute[] of limitations" by 120 days, so long as the plaintiff provides potential defendants with pre-suit notice sixty days before the filing of the complaint. Id. at 44 (citing Tenn. Code Ann. § 29-26-121(c)). The plaintiffs in Cunningham filed a medical malpractice action against a county medical facility, a governmental entity subject to the GTLA, after providing the required pre-suit notice. Id. at 42. The defendant filed a motion to dismiss the complaint because it was filed outside the GTLA's one-year statute of limitations; the plaintiffs responded that their complaint was timely filed because Section 29-26-121(c) extended the GTLA statute of limitations 120 days upon the filing of the pre-suit notice. Id. at 42-43.

The Court in Cunningham first noted that the language in both of the statutory provisions at issue was clear and unambiguous. Id. at 43. It then considered whether the language in the Medical Malpractice Act, applicable to "all medical malpractice actions" in which the pre-suit notice was filed after the effective date of July 1, 2009, applied to extend the statute of limitations for the plaintiffs' medical malpractice claim brought under the GTLA. Id. at 44. Resolution of the issue, the Cunningham Court said, depended in part on whether the extension provision in the Medical Malpractice Act was inconsistent with the GTLA statute of limitations:

> [W]e have held that if statutes of general application that conflict with a provision of the GTLA are sought to be applied to GTLA cases, the intent of the General Assembly must be expressly stated in the text of the statutory provision. See Lynn v. City of Jackson, 63 S.W.3d 332, 337 (Tenn. 2001) (citing Auto. Sales Co. v. Johnson, 122 S.W.2d 453, 455-56 (1938)). In Lynn v. City of Jackson, we declared a general savings statute inapplicable to GTLA claims because the general savings statute did not contain specific language requiring an extension of the GTLA statute of limitations. Lynn, 63 S.W.3d at 337. In the absence of specific statutory language permitting extension of the GTLA statute of limitations, we have held that statutory provisions inconsistent with the GTLA may not extend the applicable statute of limitations period. See Lynn, 63 S.W.3d at 337 (citing Auto. Sales Co., 122 S.W.2d at 455-56).

Id. at 45. The Cunningham Court recalled its consideration of Rule 15.03 of the Tennessee Rules of Civil Procedure, which allows the addition of a party to relate back to the original filing date after the statute of limitations has run. Id. at 45 (citing Doyle, 49 S.W.3d at 860). Rule 15.03 was deemed not inconsistent with purposes of the GTLA statute of limitations, i.e., to prevent the filing of stale claims and to provide the governmental defendants with notice so they could preserve pertinent evidence, because

- 18 -

Rule 15.03 ensured that the defendants had sufficient notice of the claim to preserve evidence. Id., see also Lucius v. City of Memphis, 925 S.W.2d 522, 526 (Tenn. 1996) (finding that the GTLA does not address post-judgment interest, and therefore, a statute governing post-judgment interest did not conflict with the purpose, structure, or intent of the GTLA). In contrast, a general savings statute was deemed inconsistent with the GTLA in that application of the savings statute would have extended the period within which an action must be filed under the GTLA. Cunningham, 405 S.W.3d at 45 (citing Lynn, 63 S.W.3d at 337).

Comparing the provision in the Medical Malpractice Act to both of these other statutes, the Cunningham Court found that the Medical Malpractice Act provision was more akin to the savings statute. Consequently, it held that the Medical Malpractice Act's 120-day extension of the statute of limitations upon the filing of a pre-suit notice was inconsistent with the GTLA statute of limitations. Id. As a result, the Court held, the 120-day extension would apply to a GTLA action only if the Medical Malpractice Act "expressly state[d] the legislature's intent to apply the provision to cases brought under the GTLA." Id. Finding no such express language in the Medical Malpractice Act, the Cunningham Court surmised that "the legislature did not intend to apply the 120-day extension to the GTLA statute of limitations." Id. at 46. Thus, under Cunningham, if a statute of general application is inconsistent with the GTLA statute of limitations, the general statute may be applied to extend the GTLA statute of limitations only if legislative intent to do so is expressly stated in the text of the inconsistent statute.

With this premise in mind, we look at the tolling provision in the Claims Commission Act. Mr. Moreno argues that the Claims Commission Act tolling provision is not inconsistent with the GTLA because the Claims Commission Act "specifically refers to governmental immunity." The Claims Commission Act, like the GTLA, sets forth a statutory scheme enacted by the Legislature to provide for a limited waiver of sovereign immunity; the only difference is that the Claims Commission Act is applicable to claims against the State of Tennessee, while the GTLA applies to claims against counties, municipalities, and other local governmental agencies. This is unlike previous cases, Mr. Moreno observes, in which the statutes deemed inconsistent with the GTLA had nothing to do with waiver of sovereign immunity. See Cunningham, 405 S.W.3d at 45 (finding the 120-day extension to file medical malpractice suit upon the filing of pre-suit notice did not apply to GTLA claims); Lynn, 63 S.W.3d at 337 (holding that both the federal and Tennessee "saving statutes may not be applied to extend the period within which an action must be filed under the GTLA"); Doyle, 49 S.W.3d at 858 (finding that allowing an amendment to relate back to an original filing date did not conflict with the purposes of the GTLA statute of limitations as the defendants were sufficiently provided with notice to preserve the relevant evidence). Because the Claims Commission Act and the GTLA have similar purposes and are based on the same principle, they are not inconsistent. Consequently, Mr. Moreno asserts, in enacting the Claims Commission

- 19 -

Act, the legislature must have intended that governmental entities "would by necessity have to be included" in the "persons" to whom the tolling provision applies.

We agree that the Claims Commission Act and the GTLA both provide the parameters for waiver of sovereign immunity against governmental entities. Thus, the overarching purpose of both statutes is similar. However, it does not necessarily follow that the *tolling provision* in the Claims Commission Act is consistent with the GTLA statute of limitations. Clearly the tolling provision in the Claims Commission Act has general application; it applies to claims filed by any person pursuant to the Claims Commission Act. Like the savings statute in Lynn and the Medical Malpractice Act extension provision in Cunningham, the tolling provision in the Claims Commission Act, if applied to a GTLA claim, would operate to extend the period within which an action must be filed under the GTLA. Cunningham, 405 S.W.3d at 45; Lynn, 63 S.W.3d at 337. This is clearly inconsistent with the purposes of the GTLA statute of limitations, namely, "to prevent stale claims and to provide defendants with notice so they may preserve their evidence." Cunningham, 405 S.W.3d at 45.

Because the tolling provision in the Claims Commission Act is inconsistent with the purposes of the GTLA statute of limitations, we must determine whether the legislature intended for the Claims Commission Act tolling provision to apply to GTLA claims. Because the Claims Commission Act does not define the term "persons" as used in Section 9-8-402(b), Mr. Moreno urges this Court to use the definition of "person" in the comparative fault statute, Section 20-1-119. See Tenn. Code Ann. § 9-8-402(b) (2013) ("The filing of the notice . . . tolls all statutes of limitations as to other *persons* potentially liable . . . .") (emphasis added); see also Tenn. Code Ann. § 20-1-119(f) ("As used in this section, 'person' means any individual or legal entity.") and (g) ("[T]his section applies to suits involving governmental entities.").

We decline Mr. Moreno's invitation to import the definition of "person" in the comparative fault statute to apply it to the tolling provision in the Claims Commission Act. While doing so would neatly suit Mr. Moreno's argument in this case, he points to no language in the Claims Commission Act indicating such legislative intent, and we have found none.

Mr. Moreno argues rather hopefully that the fact that the legislature enacted the Claims Commission Act to govern claims against a governmental entity, i.e., the State, means that the legislature intended for the term "persons" as used in Section 9-8-402(b) to include governmental entities such as the City of Clarksville. This is fallacious reasoning. The fact that the Claims Commission Act generally addresses claims against the State does not mean that legislative intent to toll the GTLA statute of limitations as to other governmental entities is "necessarily implied." See Auto. Sales Co., 122 S.W.2d at 455 ("It is a general rule that the State is not bound by the general words of a statute, which, if applied, would operate to trench on its sovereign rights, injuriously affect its

- 20 -

capacity to perform its functions, or establish a right of action against it, unless the contrary is expressly declared or necessarily implied.") (quoting 2 Sutherland on Statutory Construction § 514, at 953 (2d ed.)). This argument must be rejected as well.

We are left, then, with determining whether the language in Section 9-8-402(b) indicates legislative intent to toll the statute of limitations as to GTLA claims. As emphasized by Mr. Moreno, the language in the tolling provision is broad and inclusive: "The filing of the notice by the claimant tolls *all* statutes of limitations as to *other persons potentially liable to the claimant* due to the occurrence from which the claim before the commission arises." Tenn. Code Ann. § 9-8-402(b) (emphasis added). The sheer breadth of the language chosen by the legislature for Section 9-8-402(b), Mr. Moreno contends, indicates legislative intent to include governmental entities such as the City of Clarksville among the "persons" subject to the Claims Commission Act tolling provision.

This argument has been made in other Tennessee cases involving broadly-worded statutes that were deemed inconsistent with the GTLA statute of limitations, and has found no purchase. See, e.g., Lynn v. City of Jackson, 63 S.W.3d at 336-37 (broadly-worded general savings statutes permitting action dismissed in federal court to be refiled in state court within one year of dismissal did not apply to extend GTLA statute of limitations because they did not "expressly" state applicability to suits against governmental entities) (construing 28 U.S.C. § 1367(d) ("The period of limitations for *any claim asserted*. . . and for *any claim* in the same action that is voluntarily dismissed . . . . shall be tolled . . . .") (emphasis added) and Tenn. Code Ann. § 28-1-115 ("Notwithstanding *any applicable statute of limitations to the contrary*, . . .") (emphasis added)); Daniel v. Hardin Co. General Hosp., 971 S.W.2d 21, 25 (Tenn. Ct. App. 1997) (declined to apply 90-day window in 1993 version of Section 20-1-119, extending expired statute of limitations to add "a person not a party to the suit," to statute of limitations in GTLA claims because Section 20-1-119 did not reference GTLA or governmental entities).[10] See also Cunningham, 405 S.W.3d at 45-46 (holding that 2009 amendment to Section 29-26-121(c) providing 120-day extension upon filing of pre-suit notice, applicable "to all medical malpractice actions," did not "evince an express

---

[10] In 1999, in response to Daniel, the Legislature amended Section 20-1-119 to add subsection (g), which provides: "Notwithstanding any law to the contrary, this section applies to suits involving governmental entities." Tenn. Code Ann. 20-1-119(g) (2000); see 1999 Tenn. Pub. Act. ch. 485, § 1 (H.B. 1173). This additional language has been found "sufficient to evince an intent to extend the GTLA's 12-month statute of limitations in appropriate comparative fault cases." Wade v. Jackson-Madison County General Hosp. Dist., No. W2014-01103-COA-R3-CV, 2015 WL 340265, at *11 (Tenn. Ct. App. Jan. 27, 2015) (quoting Harper v. Bradley Co., No. E2014-00107-COA-R9-CV, 2014 WL 5487788, at *6-7 (Tenn. Ct. App. Oct. 30, 2014)), see also Doyle, 49 S.W.3d at 860 ("Given the legislature's reaction to Daniel, we find reference to the analysis of that case unpersuasive. To the contrary, the legislature's amendment of the joinder statute supports the proposition that governmental entities should be treated, for the purposes of Rule 15.03, like any other party.").

- 21 -

legislative intent to extend the statute of limitations in GTLA cases," even though, at the time, a "medical malpractice action" was statutorily defined as "any civil action . . . alleging that a health care provider or providers have caused an injury related to the provision of, or failure to provide, health care services to a person, regardless of the theory of liability on which the action is based."); Wade v. Jackson-Madison County General Hosp. Dist., No. W2014-01103-COA-R3-CV, 2015 WL 340265, at *10-11 (Tenn. Ct. App. Jan. 27, 2015).[11]

We follow suit. As in Cunningham, "[b]oth statutory provisions at issue in this case contain clear and unambiguous language." Cunningham, 405 S.W.3d at 43. Similar to the Medical Malpractice Act at issue in Cunningham, the tolling provision in the Claims Commission Act, Section 9-8-402(b), contains broad and inclusive language. However, we find no language in the Claims Commission Act in which legislative intent to toll the statute of limitations in GTLA cases is "expressly declared or necessarily implied."[12] Auto. Sales Co., 122 S.W.2d at 455 (quoting 2 Sutherland on Statutory Construction § 514, at 953 (2d ed.); see also Cunningham, 405 S.W.3d at 45. ("The language of [the Medical Malpractice Act] fails to evince an express legislative intent to extend the statute of limitations in GTLA cases."). Therefore, we hold that Section 9-8-402(b) does not apply to toll GTLA claims against governmental entities such as the City of Clarksville.

Consequently, we must conclude that Mr. Moreno has not met his burden of establishing an exception to the GTLA statute of limitations applicable to his claim against the City of Clarksville. This holding pretermits all other issues raised in this appeal. Accordingly, we remand this cause to the trial court for the dismissal of Mr. Moreno's claim against the City of Clarksville.

**Conclusion**

We hold that Mr. Moreno has not met his burden of establishing an exception to the GTLA statute of limitations under either Tenn. Code Ann. § 20-1-119 or Tenn. Code

---

[11] After the claim in Cunningham arose, but before this Court's opinion was filed, the legislature amended the Medical Malpractice Act to substitute references to "medical malpractice" with "health care liability." Cunningham, 405 S.W.3d at 45 n.2 (citing Act of Apr. 23, 2012, ch. 789 § 7-15). The new term "health care liability action" was defined to include "claims against the state or a political subdivision thereof, . . ." and was incorporated into Section 29-26-121(c). Tenn. Code Ann. §§ 29-26-101(a), -121(c) (2014 Supp.); Wade, 2015 WL 340265, at *6, *7. This definition of "health care liability action" has been deemed sufficient to evince express legislative intent to extend the GTLA statute of limitations upon the filing of pre-suit notice. Wade, 2015 WL 340265, at *10-11; Banks v. Bordeaux Long Term Care, No. M2013-01775-COA-R3-CV, 2014 WL 6872979, at *4 (Tenn. Ct. App. Dec. 4, 2014); Harper, 2014 WL 5487788, at *6-7.

[12] Moreover, another provision in the GTLA, Section 29-20-104(a), states: "All other acts or statutes in conflict with this chapter shall only be applicable to governmental entities exercising their right not to come under this chapter . . . ." Tenn. Code Ann. § 29-20-104(a).

- 22 -

Ann. § 9-8-402(b), so his claim against the City of Clarksville is time-barred. Accordingly, we reverse the decision of the Court of Appeals and reinstate the trial court's order dismissing Mr. Moreno's complaint against the City of Clarksville. Costs on appeal are assessed against Appellee Richard Moreno, for which execution may issue if necessary.

_____
              HOLLY KIRBY, JUSTICE