**PARKRIDGE HOSPITAL, INC.,**
Appellant,

v.

**Jayne Ann WOODS, Commissioner of
Revenue, State of Tennessee,**
Appellee.

Supreme Court of Tennessee.

Feb. 13, 1978.

Roger W. Dickson, Carl E. Hartley, Stophel, Caldwell & Heggie, Chattanooga, for appellant.

Brooks McLemore, Jr., Atty. Gen., Jim G. Creecy, Asst. Atty. Gen., Nashville, for appellee.

## OPINION

HENRY, Chief Justice.

In this civil action for recovery of sales and use taxes paid under protest, the sole issue is whether human blood is "tangible personal property" subject to sale or use tax. The Chancellor responded in the affirmative. We agree.

We adopt the opinion of the Chancellor as the opinion of the Court. It reads, in pertinent part, as follows:

The plaintiff is a domestic corporation, with its principal place of business in Chattanooga, Tennessee. The defendant audited the plaintiff for sales and use tax purposes for the period of January 1, 1973 through December 31, 1975 and claimed sales and use tax deficiencies for that period. One of the issues involved in that audit was the applicability of Tennessee sales and use taxes to human blood, and upon the assessment of the sales and use taxes, the same was paid under protest, pursuant to *T.C.A. 67–2303*, which was followed by the filing of this Complaint within the statutory period. The blood at issue was obtained by the plaintiff from essentially two sources: Blood Alliance, a commercial blood bank, and Blood Assurance, a non-profit organization, making blood available to patients in need of transfusions.

It is the Commissioner's contention that the commodity, human blood, is

within the taxing provisions of the sales and use tax law, and it is the plaintiff's contention that human blood is not a commodity subject to the Tennessee sales or use tax and that the providing of such blood to plaintiff by sources such as Blood Alliance and Blood Assurance is either outside the present scope of or exempt from the Tennessee sales and use tax statutes.

The issue thus presented to the Court is primarily one of statutory construction of the existing statutes related to the subject matter.

*T.C.A. 67–3003* states as follows:

"Levy of tax—Rate.—It is declared to be the legislative intent that every person is exercising a taxable privilege who engages in the business of selling tangible personal property at retail in this state, or who uses or consumes in this state any item or article of tangible personal property as defined in this chapter, * * *."

"Tangible personal property" is defined in *T.C.A. 67–3002(1)* to mean and include "personal property, which may be seen, weighed, measured, felt, or touched, or is in any other manner perceptible to the senses." "Sale" is defined in *T.C.A. 67–3002(b)* to mean, "any transfer of title or possession, * * * in any manner or by any means whatsoever of tangible personal property for a consideration, * *." Under the wording of the legislative enactments, when given their natural and ordinary meaning of the language used, it is obvious that human blood falls within the ambit of this statute, being an item of tangible personal property. Declaring that human blood is taxable under this taxing statute would not be open to debate, but for the passage by the Tennessee General Assembly of the following Act found in the Uniform Commercial Code at *T.C.A. 47–2–316(5)* (1967):

"The implied warranties of merchantability and fitness shall not be applicable to a contract for the sale, procurement, processing, distribution or use of human tissues (such as corneas, bones, or organs), whole blood, plasma, blood products, or blood derivatives. Such human tissues, whole blood, plasma, blood products, or blood derivatives shall not be considered commodities subject to sale or barter, and the transplanting, injection, transfusion or other transfer of such substances into the human body shall be considered a medical service."

It is the fundamental rule of statutory construction to ascertain and give effect to the intention or purpose of the Legislature as expressed in the statute. The purposes of the Uniform Commercial Code as enumerated in *T.C.A. 47–1–102* are "to simplify, clarify and modernize the law governing commercial transactions." The purpose of the sales and use tax is to derive revenue for the State. Both laws are inclusive and are sufficient to regulate the subject matter their enactment is purported to cover and regulate. The issue thus becomes whether the enactment by the Legislature in the Uniform Commercial Code, to the effect that human blood "shall not be considered commodities subject to sale or barter * * *," excludes human blood from taxation under the sales and use tax law. The Court concludes it does not.

It is the duty of the Court in construing statutes to avoid a construction which will place one statute in conflict with another, and the Court should resolve any possible conflict between the statutes in favor of each other, whenever possible, so as to provide a harmonious operation of the laws. Plaintiff has cited and urges upon the Court as controlling an Alabama case, *State v. Community Blood and Plasma Service, Inc.* (Alabama Court of Civil Appeals), [48 Ala.App. 658] 267 So.2d 176. In that case the Alabama Court was confronted with the issue before this Court and concluded under Alabama law that blood was not subject to the Alabama sales and use tax. The Alabama statutes involved are substantially similar to Tennessee statutes in both the sales and Commercial Code areas; however, the Commercial Code Section involved in the

State of Alabama is dissimilar in one important regard, as was emphasized by the Alabama Court. The Alabama Court in making its determination that human blood was not taxable emphasized and relied upon the statutory provision, " * * * is declared for all purposes to be in the rendition of a service by every person participating therein and whether any remuneration is paid therefor is declared not to be a sale of such whole blood, plasma, blood products, blood derivatives, or other human tissues." The Alabama Court in discussing this, at page 179 of its Opinion, said:

> "While this court is most aware that this code section is concerned with implied warranty, the fact remains that the legislature has stated and determined such activity to be a service and not a sale.
>
> We particularly note the language of the statute which states 'is declared for all purposes to be the rendition of a service * * *.' "

The Tennessee statute does not contain the phrase, "for all purposes," relied upon heavily by the Alabama Court in arriving at its Legislature's intent.

While the Tennessee Courts have recognized that repeals by implication may be made in subsequent statutory enactments without raising constitutional questions (see *English v. Farrar* [206 Tenn. 188], 332 S.W.2d 215, Tennessee, 1960), the sales tax law contains self-contained concepts, and it is not the legislative intent to erode the meaning and efficacy of the sales tax law by the Court's reading into its application definitions from other bodies of law, unless the intent is clearly shown. See *Sales and Use Taxes, 68 Am.Jur.2d Section 65*; *White Stores v. Atkins* [202 Tenn. 180], 303 S.W.2d 720, Tennessee (1957). In any event, a sale is not critical.

> "To the contrary, the stated intent of the legislature is to tax every retail sale of tangible personal property *and every use of personal property in this state*, except for exceptions expressly stated in the Retail Sales Act." (Emphasis supplied.)

*Shoppers Guide Pub. Co., Inc. v. Woods*, [Tenn.] 547 S.W.2d 561, at 564.

Finally, the contention of the plaintiff is that blood is outside of the scope of the Sales Tax Act. This contention, however, is negated by the declared legislative intent contained in *T.C.A. 67–3003*.

Affirmed.

FONES, COOPER, BROCK and HARBISON, JJ., concur.