IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs January 31, 2002

## STANLEY JEROME GREEN v. METROPOLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY

Appeal from the Chancery Court for Davidson County
No. 01-489-III     Ellen Hobbs Lyle, Chancellor

No. M2001-01561-COA-R3-CV - Filed July 30, 2002

A man arrested for statutory rape sought a writ of mandamus to compel the Metro Nashville Police Department to furnish him with copies of records relating to his arrest. Metro filed a motion to dismiss, arguing that records pertaining to sexual offenses against minors are confidential, and may not be disclosed. The trial court denied the motion to dismiss, and ordered the production of the requested records. We affirm the ruling of the trial court, but modify it to require that all records furnished to the petitioner be redacted to protect the victim's identity.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court
Affirmed as Modified and Remanded**

BEN H. CANTRELL, P.J., M.S., delivered the opinion of the court, in which WILLIAM C. KOCH, JR. and WILLIAM B. CAIN, JJ, joined.

Karl F. Dean, Director of Law, Kelli A. Haas and Margaret O. Darby, Nashville, Tennessee, for the appellant, the Metropolitan Government of Nashville and Davidson County, Tennessee.

Stanley Jerome Green, Nashville, Tennessee, Pro Se.

### OPINION

### I.  A REQUEST FOR PUBLIC RECORDS

In January of 1997, Stanley Jerome Green was arrested and charged with counterfeiting, statutory rape, and especially aggravated sexual exploitation of a sixteen-year-old girl. The record indicates that police confiscated twenty-seven sexually explicit photographs of the victim. It also shows that in June of 1998, Mr. Green pled guilty to a lesser included offense, but does not reveal the exact charge he pled to.

In July of 1998, Mr. Green sent a request to the Metro Police Department under Tenn. Code. Ann. § 10-7-503 of the Public Records Act, asking for copies of all records and files maintained by the Department and referencing him, including "documents, reports, memoranda, letters, electronic files, database, references, 'DO NOT FILE' files, O & C files, photographs, audiotapes & videotapes, electronic or other miscellaneous files . . . ."

The Supervisor of Police Records initially responded that Mr. Green had 34 charges against him, and that the Department would need payment in advance of $183 to act on his request, with additional payment later, depending on the quantity of material furnished. In a later letter, she indicated that she could not comply with his request in the absence of a court order, because a detective had informed her of the existence of an ongoing investigation.

Mr. Green responded with a letter challenging the assertion of an ongoing investigation as unsubstantiated and without merit, and amending his request to include only those documents stemming from his January 1997 arrest for counterfeiting and statutory rape. He asked specifically for police incident reports, taped police radio transmissions, and information from the personnel files of the officers who were involved in his arrest. There was no response to this letter. Finally, Mr. Green sent a letter to Police Chief Emmett Turner threatening legal action if he was not furnished with the records he requested. The response was that the records were confidential, because the victim was a juvenile.

On February 13, 2001, Mr. Green filed a complaint in the Davidson County Chancery Court seeking a writ of mandamus to compel the respondents[1] to allow him to inspect and copy all the requested documents. *See* Tenn. Code Ann. § 10-7-505. Metro Government filed a motion to dismiss Mr. Green's complaint and a memorandum in support of the motion. The memorandum argued that in accordance with Tenn. Code Ann. § 37-1-154, records involving juveniles are not subject to disclosure. A subsequent memorandum asserted that disclosure of such material was also prohibited by Tenn. Code Ann. § 37-1-612.

Following a hearing, the trial court ruled that the situation before it was not regulated by the cited statutes. Its memorandum and order of June 13, 2001 denied the motion to dismiss, and ordered Metro to promptly notify Mr. Green in writing of the procedure he must follow to inspect and/or obtain copies of the records derived from his arrest for counterfeiting and statutory rape, and

---

[1] The petitioner initially named the Metropolitan Nashville Police Department and Chief Turner as respondents. Metro Government's motion to dismiss included a request that the petition be dismissed on the ground that an action could not be maintained against those respondents. The trial court permitted the petitioner to amend his pleadings to name a proper respondent. Thereafter, the case proceeded against the Metropolitan Government of Nashville and Davidson County.

any costs or fees associated with the process.[2] The trial court concluded "this order shall constitute a final judgment on the merits."[3]

Metro Government filed a timely notice of appeal, and a motion for stay of the trial court's order. In an order dated July 17, 2001, the chancellor noted that her earlier directive did not include the records related to the sexual exploitation charge, and that it pertained only to those items listed in Mr. Green's amended request. It thus excluded the inspection or copying of any photographs or videos. However, in light of the possibility of confusion and disagreement as to the records to be inspected, and the danger of harm from the release of inappropriate materials, the chancellor granted Metro's motion, and stayed the action on her ruling, pending this appeal.

## II. THE PUBLIC RECORDS ACT

The Public Records Act, Tenn. Code Ann. § 10-7-503(a), states that the public has the right to inspect "all state, county and municipal records." It further provides that "those in charge of such records shall not refuse such right of inspection to any citizen, unless otherwise provided by state law." The provision granting "any citizen" access to public records includes a person convicted of a felony. *Cole v. Campbell*, 968 S.W.2d 274 (Tenn. 1998).

Law enforcement personnel records are among those specifically required to be open for inspection, but the officer whose personnel records are inspected must be notified within three days that an inspection has occurred, and informed as to the identity of the person making such inspection. Tenn. Code Ann. § 10-7-503(c). Where copies of records are requested, the agency involved has the right to recover the copying costs. Tenn. Code Ann. § 10-7-506(a); *Waller v. Bryan*, 16 S.W.3d 770, 773 (Tenn. Ct. App. 1999); *The Tennessean v. Electric Power Board of Nashville,* 979 S.W.2d 297 (Tenn. 1998).

Tenn. Code Ann. § 10-7-504 lists certain types of records that are deemed to be confidential, and thus not open to inspection by members of the public. Section (f)(2) of that statute declares that "information made confidential by this subsection shall be redacted wherever possible and nothing in this subsection shall be used to limit or deny access to otherwise public information because a file, a document, or data file contains confidential information."

---

[2] The chancellor also ruled that "[t]o the extent that any of the Petitioner's requested records are currently part of an ongoing criminal investigation, such records shall remain protected from public inspection."

[3] Metro argues that the trial court erred by declaring this order to be a final order on the merits, and contends that it should be allowed to present additional evidence in a show cause hearing. The appellant notes that under Tenn. Code Ann. § 10-7-505(b), the court should have issued an order requesting it to appear and show cause why Mr. Green's petition should not be granted. Since the court did not do so, the appellant argues that it came to court prepared only to argue a preliminary motion to dismiss. However, Metro's brief contains no indications of the existence of any factual matters that might lead to a different result, and we reject the argument that it is entitled to another hearing.

### III. TENN. CODE ANN. § 37-1-101, ET SEQ.

Appellant Metro Government correctly notes that certain statutes enacted to protect the rights of children create additional exceptions to the open inspection provisions of the Public Records Act. The appellant argues that those statutes give it the right to refuse to furnish Mr. Green with the records he requested. Tenn. Code Ann. § 37-1-154 simply states that "law enforcement records and files shall not be open to public inspection or their contents disclosed to the public." Tenn. Code Ann. § 37–1-409 states that "reports of harm" in child abuse cases are confidential, and should not be revealed to any person unless ordered by the juvenile court. Tenn. Code Ann. § 37-1-612 makes all records concerning child sexual abuse confidential, and exempts them from disclosure under other provisions of law.

The trial court ruled that Tenn. Code Ann. § 37-1-154 applies only to law enforcement records coming under the jurisdiction of the juvenile court, and noted that the juvenile court does not retain original or concurrent jurisdiction over a statutory rape proceeding when the perpetrator is an adult. The court also found that neither Tenn. Code Ann. § 37-1-409 nor § 37-1-612 are applicable to this case.

We cannot fault the trial court's reasoning in regard to Tenn. Code Ann. § 37-1-154. We note that Tenn. Code Ann. §§ 37-1-101 to 37-1-322 deal with the jurisdiction, powers, and duties of the juvenile courts of this state, and of no other court. A basic principle of statutory construction is to ascertain and give effect to legislative intent without unduly restricting or expanding the intended scope of a statute. *Owens v. State*, 908 S.W.2d 923, 926 (Tenn.1995).

The declaration in Tenn. Code Ann. § 37-1-154 shielding law enforcement records from public scrutiny appears to contradict the public right of access to county and municipal records announced in Tenn. Code Ann. § 10-7-503(a). *See also Griffin v. City of Knoxville*, 821 S.W.2d 921 (Tenn. 1991); *Memphis Publishing Co. v. Holt* 710 S.W.2d 513 (Tenn. 1986). When construing statutes, the court must endeavor to avoid a construction that will place one statute in conflict with another.

Unless there are clear indications that the legislature intended a later statute to repeal an earlier one, any apparent conflict between statutes should be resolved in such a way as to provide a harmonious interpretation that gives the fullest possible effect to both. *Parkridge Hospital, Inc. v. Woods*, 561 S.W.2d 754 (Tenn. 1978). In the present case, it is both consistent with the rules of statutory construction and eminently reasonable to assume that the police records that the legislature intended to shield from public view by enacting Tenn. Code Ann. § 37-1-154 are those pertaining to proceedings in the juvenile court, and no others.

We also agree with the trial court that Tenn. Code Ann. § 37–1-409 and Tenn. Code Ann. § 37-1-612 are not applicable to the case at bar, for neither demonstrate a legislative intent to prevent public scrutiny of all law enforcement proceedings involving the offenses that Mr. Green was arrested for. Tenn. Code Ann. § 37-1-409 is designed to encourage reporting of suspected child

abuse by protecting the identity of the reporter of such abuse. Tenn. Code Ann. § 37-1-612 contains further provisions to protect the rights of victims of child sexual abuse.

Tenn. Code Ann. § 37-1-602(a)(2)(A) begins by defining child sexual abuse as "the commission of any act involving the unlawful sexual abuse, molestation, fondling or carnal knowledge of a child under thirteen (13) years of age that prior to November 1, 1989, constituted the criminal offense of . . ." followed by a list of repealed criminal statutes defining a variety of sex crimes. Section (B) repeats the limitation to children under thirteen years of age, followed by some current criminal statutes, including, "Sexual exploitation of a minor under § 39-17-1003." Section (C) does not reference any age limits, but describes some forbidden sexual acts, followed by another mention of "acts prohibited by § 39-17-1003." Section (D) reads,

> For the purposes of the reporting, investigation, and treatment provisions of §§ 37-1-603--37-1-615 "child sexual abuse" also means the commission of any act specified in subdivisions (a)(2)(A)-(C) against a child thirteen (13) years of age through seventeen (17) years of age if such act is committed against the child by a parent, guardian, relative, person residing in the child's home, or other person responsible for the care and custody of the child.

There is no evidence in the record that Mr. Green and his victim were connected by any of the relationships described in Tenn. Code Ann. § 37-1-602(D). Further, the statutory rape of a minor between the ages of thirteen and seventeen is not included among the criminal offenses mentioned in the statute. Thus, we agree with the trial court that the non-disclosure provisions of Tenn. Code Ann. § 37-1-612 relating to child sexual abuse do not apply to this case.

### IV. PUBLIC POLICY

Metro points out that the General Assembly has included language in Tenn. Code Ann. § 37-1-402 to explain the purpose of the child abuse laws as follows:

> (a) The purpose of this part is to protect children whose physical or mental health and welfare are adversely affected by brutality, abuse or neglect by requiring reporting of suspected cases by any person having cause to believe that such case exists. It is intended that, as a result of such reports, the protective services of the state shall be brought to bear on the situation to prevent further abuses, to safeguard and enhance the welfare of children, and to preserve family life. This part shall be administered and interpreted to provide the greatest possible protection as promptly as possible for children.

Tenn. Code Ann. § 37-1-601 affirms the same purpose for the section on child sexual abuse. Metro contends that the above language sets out the public policy of this state, and argues that in order to apply that policy in a consistent and rational way, the broad provisions for confidentiality found in Chapter 37 ought to be extended to all situations involving juveniles, regardless of where

they are adjudicated. The appellant argues that under the court's interpretation of the relevant statutes, the identity of a sixteen-year-old rapist who is tried in juvenile court would be protected, while a sixteen-year-old victim of rape whose attacker is an adult would receive no such protection, because the defendant would be tried in criminal court.

It appears to us that the public policy of this state is to protect the identities of juvenile victims of crime no less than those of juvenile offenders. We note however, that Tenn. Code Ann. § 10-7-505 of the Public Records Act states that "this section shall be broadly construed so as to give the fullest possible public access to public records." Our ruling in the present case must therefore reconcile these two important purposes.

Mr. Green has narrowed his request to police incident reports and taped radio transmissions related to his arrest in January of 1997, and to the records of the police officers involved. We note that there is no reference to any photographs in this request. Further, as the trial court observed, granting Mr. Green access to sexually explicit photographs of the sixteen-year-old victim would be in direct violation of Tenn. Code Ann. § 39-17-1003. However, to the extent that any of the requested material might serve to identify the victim, it must be redacted to remove any such identifying information. *See* Tenn. Code Ann. § 10-7-504(f)(2), *supra.*

In order to give Mr. Green "the fullest possible access to public records," while at the same time protecting the confidentiality of the victim, the redaction must be subject to review by the trial court. *See Eldridge v. Putnam County*, ___ S.W.3d ___ (Tenn. Ct. App. 2001). In dealing with audiotapes of police radio transmissions, it may be necessary to prepare a transcript before redacting it. We believe that Metro Government should bear the costs of transcription, but Mr. Green must pay for any copies he receives. Tenn. Code Ann. § 10-7-506(a).

## V.

The order of the trial court is affirmed, but is modified to include the redaction of information that might identify the victim. The Metro Police Department is directed to inform the appellee of the procedures he must follow in order to inspect and/or obtain redacted copies of the records he has requested. Remand this cause to the Chancery Court of Davidson County for further proceedings consistent with this opinion. Tax the costs on appeal to the appellant, the Metropolitan Government of Nashville and Davidson County.

_____
BEN H. CANTRELL, PRESIDING JUDGE, M.S.