FILED
01/13/2022
Clerk of the
Appellate Courts

IN THE SUPREME COURT OF TENNESSEE
April 28, 2021 Session[1]

## STEVEN KAMPMEYER ET AL. v. STATE OF TENNESSEE

Appeal by Permission from the Court of Appeals
Tennessee Claims Commission, Middle Division
No. T20190265-1    Robert N. Hibbett, Commissioner

---

### No. M2019-01196-SC-R11-CV

---

This case involves claims against the State of Tennessee asserted by a husband and wife. The claimant husband suffered injuries when his car collided with a Tennessee state vehicle parked in the roadway. He gave written notice of his claim to the Tennessee Division of Claims and Risk Management. The Division did not resolve it, so the Division transferred the claim to the Tennessee Claims Commission. The husband and wife then filed a complaint with the Claims Commission. The complaint contained a loss of consortium claim by the wife that was not in the written notice the husband gave to the Division of Claims and Risk Management. The Claims Commission complaint was filed within the applicable one-year statute of limitations. The Claims Commission granted the State's motion to dismiss the wife's loss of consortium claim as time-barred because she did not give the Division of Claims and Risk Management written notice of her claim within the limitations period. The Court of Appeals affirmed. The claimants appeal, relying on the holding in *Hunter v. State*, No. 01-A-01-9210-BC00425, 1993 WL 133240 (Tenn. Ct. App. Apr. 28, 1993), that a complaint filed with the Claims Commission within the statute of limitations fulfills the requirement in Tennessee Code Annotated § 9-8-402(a)(1) that claimants give timely written notice of their claim against the State to the Division of Claims and Risk Management. We reject this argument, overrule *Hunter v. State*, and affirm the Claims Commission's dismissal of the wife's claim for loss of consortium.

---

[1] We heard oral argument through video conference under this Court's emergency orders restricting court proceedings because of the COVID-19 pandemic.

**Tenn. R. App. P. 11 Appeal by Permission;**
**Judgment of the Court of Appeals Affirmed**

HOLLY KIRBY, J., delivered the opinion of the court, in which ROGER A. PAGE, C.J., and SHARON G. LEE and JEFFREY S. BIVINS, JJ., joined. CORNELIA A. CLARK, J., not participating.[2]

Sidney W. Gilreath and Cary L. Bauer, Knoxville, Tennessee, for the appellants, Steven Kampmeyer and Melissa Kampmeyer.

Herbert H. Slatery III, Attorney General and Reporter; Andrée Sophia Blumstein, Solicitor General; and Meghan Murphy, Senior Assistant Attorney General, for the appellee, State of Tennessee.

## OPINION

### FACTUAL AND PROCEDURAL HISTORY[3]

On December 11, 2017, Tennessee Department of Transportation ("TDOT") employees parked two TDOT trucks on an overpass in the center lane of State Highway 111 in Sequatchie County, Tennessee, not far from the exit to Dunlap, Tennessee. After exiting the trucks, two TDOT employees applied a de-icing agent to the overpass. The TDOT employees placed no signs or other devices to warn oncoming drivers of the presence of the trucks in the middle of the highway. As the employees worked on the overpass, neither TDOT vehicle displayed hazard signals.

Meanwhile, Plaintiff/Appellant Steven Kampmeyer, a Florida resident, was driving his vehicle north on State Highway 111 toward that same overpass and the TDOT vehicles parked in the middle of the road. Mr. Kampmeyer's vehicle plowed into the rear of one of the TDOT vehicles. Mr. Kampmeyer suffered extensive injuries in the collision, including a broken leg, broken facial bones, and traumatic brain injury.

On August 9, 2018, Mr. Kampmeyer filed written notice of a claim for damages with Tennessee's Division of Claims and Risk Management. Pursuant to Tennessee Code Annotated § 9-8-402(c), once ninety days passed without resolution of Mr. Kampmeyer's

---

[2] Sadly, our honored colleague and friend Justice Clark passed away on September 24, 2021.

[3] The trial court decided this case on a motion to dismiss for failure to state a claim. Consequently, we recount the facts as stated in the complaint and presume them to be true, "giving the plaintiff the benefit of all reasonable inferences." *Webb v. Nashville Area Habitat for Human., Inc.*, 346 S.W.3d 422, 426 (Tenn. 2011) (quoting *Tigg v. Pirelli Tire Corp.*, 232 S.W.3d 28, 31 (Tenn. 2007)).

claim, the Division of Claims and Risk Management transferred the claim to the Tennessee Claims Commission. Both entities are housed administratively within the Tennessee Department of Treasury.[4]

On December 5, 2018, Mr. Kampmeyer and his wife, Plaintiff/Appellant Melissa Kampmeyer, jointly filed a complaint with the Claims Commission based on the same factual allegations in the written notice Mr. Kampmeyer filed with the Division of Claims and Risk Management. The complaint alleged that TDOT violated Tennessee law and its own safety standards. It also contained a claim for loss of consortium by Mrs. Kampmeyer that had not been included in the written notice of claim Mr. Kampmeyer filed with the Division of Claims and Risk Management.

In response, the State filed a motion to dismiss. In pertinent part, the State argued that Mrs. Kampmeyer did not give written notice of her claim against the State to the Division of Claims and Risk Management as required by Tennessee Code Annotated § 9-8-402(a)(1).[5] As a result, the State asserted, her claim for loss of consortium was barred by the one-year statute of limitations.

In reply, the Plaintiffs acknowledged that Mr. Kampmeyer's notice of claim with the Division of Claims and Risk Management did not include Mrs. Kampmeyer's claim for loss of consortium. They noted, however, that the Kampmeyers' joint complaint was filed with the Claims Commission within the one-year statute of limitations. Consequently, as to Mrs. Kampmeyer, the Claims Commission should have treated the complaint as a written notice of claim mistakenly filed with the Claims Commission instead of the Division of Claims and Risk Management and transferred it to the Division. For those reasons, they contended, the Claims Commission should deem Mrs. Kampmeyer's consortium claim timely.

The Claims Commission granted the State's motion to dismiss Mrs. Kampmeyer's consortium claim. It held Mrs. Kampmeyer was a separate claimant and had to give written notice of her claim to the Division of Claims and Risk Management within the statute of limitations. Because she had not, the Claims Commission dismissed her claim.

At Mrs. Kampmeyer's request, the Claims Commission made its dismissal order final and appealable pursuant to Rule 54.02 of the Tennessee Rules of Civil Procedure. Mrs. Kampmeyer then appealed to the Court of Appeals.

---

[4] *See infra* note 11.

[5] The State's motion argued for dismissal of Mr. Kampmeyer's claims as well. The Claims Commission's disposition of the motion as to Mr. Kampmeyer's claims is not at issue in this appeal.

- 3 -

On appeal, the Court of Appeals agreed with the Claims Commission that Tennessee Code Annotated § 9-8-402(a)(1) required Mrs. Kampmeyer to give written notice of her loss of consortium claim to the Division of Claims and Risk Management. *Kampmeyer v. State*, No. M2019-01196-COA-R3-CV, 2020 WL 5110303, at *3 (Tenn. Ct. App. Aug. 28, 2020), *perm. app. granted*, (Tenn. Jan. 13, 2021). It affirmed the dismissal of Mrs. Kampmeyer's claim.

The Kampmeyers then sought permission to appeal to this Court, which was granted.

## ANALYSIS

The only issue in this appeal is whether the Claims Commission erred by dismissing Mrs. Kampmeyer's claim for loss of consortium.[6] Resolving this issue requires us to interpret statutes governing the Tennessee Claims Commission and the Division of Claims and Risk Management. Issues of statutory interpretation present a question of law, which we review de novo on appeal, giving no deference to the lower court decision. *In re Kaliyah S.*, 455 S.W.3d 533, 552 (Tenn. 2015).

The Tennessee Claims Commission was created by the General Assembly to adjudicate certain types of claims against the State.[7] *Mullins v. State*, 320 S.W.3d 273, 279 (Tenn. 2010) (citing 1984 Tenn. Pub. Acts, ch. 972, §§ 1, 5(a) (codified as amended at Tenn. Code Ann. §§ 9-8-301(a), -305(1) (2020 & Supp. 2021))). When the legislature created the Claims Commission, it also created the Division of Claims and Risk

---

[6] It is undisputed that Mrs. Kampmeyer's consortium claim, though derivative, is separate from Mr. Kampmeyer's claim for injuries. *See Ki v. State*, 78 S.W.3d 876, 880 (Tenn. 2002) ("[T]he right to recover for loss of consortium is a right independent of the spouse's right to recover for the injuries themselves." (quoting *Hunley v. Silver Furniture Mfg. Co.*, 38 S.W.3d 555, 557 (Tenn. 2001))).

[7] The Kampmeyers' complaint filed with the Claims Commission alleges personal injury claims arising out of "the acts or omissions of 'state employees,'" specifically "negligent operation of state-owned motor vehicles," as well as "[n]egligent care, custody and control of persons," which are among the types of claims that can be considered by the Claims Commission. Tenn. Code Ann. § 9-8-307(a)(1)(A), (E) (2020 & Supp. 2021).

-4-

Management[8] in order to facilitate informal settlement of claims against the State.[9] Currently, both are housed within the Department of Treasury.

This Court has summarized the process of giving initial written notice of a claim to the Division of Claims and Risk Management and filing a complaint with the Claims Commission:

> The Claims Commission Act sets forth a structure designed to afford the State ample opportunity to resolve a claim administratively, without the need for a lawsuit. Thus, it requires a written notice with basic information about the claim, and provides that the applicable statute of limitations is tolled by the filing of the notice. Tenn. Code Ann. § 9-8-402. The Act then gives the Division of Claims a "ninety-day settlement period" in which it is to investigate the claim and "make every effort" to either honor or deny it. Tenn. Code Ann. § 9-8-402(c). If the Division decides to honor the claim, the statute addresses its efforts to settle with the claimant. *Id.* If the claim is either honored or denied within the 90-day "settlement period," the claimant is informed of his right to file a claim with the Claims Commission. However, if it is neither honored nor denied during the settlement period, the claim is automatically transferred to the administrative clerk of the Claims Commission for adjudication. *Id.*

> . . . [I]f the matter is not settled during the 90-day settlement period and is transferred to the Claims Commission's administrative clerk, the Claims Commission regulations provide that the claimant "shall file a complaint . . . ." Tenn. Comp. R. & Regs. 0310-01-01-.01(2)(d)(3). Thus, under the Claims Commission Act and the accompanying regulations, the written notice and the complaint serve different functions. The written notice triggers a protected 90-day "settlement period" designed to facilitate the resolution of claims without litigation. The State is neither expected nor required to file an answer to the notice of the claim, and the claimant is not entitled to discovery during the protected settlement period. To adjudicate the claim, the notice alone will not suffice; the claimant must also file a

---

[8] The Division of Claims and Risk Management was originally called the "Division of Claims Administration." In 2017, the entity's name was changed to the "Division of Claims and Risk Management." *See* 2017 Tenn. Pub. Acts, ch. 271, § 1. For clarity, in this opinion, we will refer to it as the "Division of Claims and Risk Management" or simply the "Division."

[9] *See* Study Comm. Created by S.J. Res. 216 of the 92d Gen. Assemb., *Rep. on the State Purchasing Com. Liab. Ins. & Sovereign Immunity*, at 1 (Tenn. 1984) (on file with the Tennessee State Library & Archives).

complaint that complies with Rules 8 and 10 of the Tennessee Rules of Civil Procedure.

*Moreno v. City of Clarksville*, 479 S.W.3d 795, 804–05 (Tenn. 2015) (footnote and some citations omitted).

As referenced in *Moreno*, Tennessee Code Annotated § 9-8-402 requires claimants to give written notice of their claim to the Division of Claims and Risk Management. It states: "The claimant must give written notice of the claimant's claim to the division of claims and risk management as a condition precedent to recovery." Tenn. Code Ann. § 9-8-402(a)(1) (2020). The Kampmeyers' appeal requires us to interpret and apply section 9-8-402(a)(1) to these facts.

In this case, Mr. Kampmeyer complied with section 9-8-402(a)(1) by filing written notice of his claim with the Division of Claims and Risk Management. As the Kampmeyers concede, however, the written notice Mr. Kampmeyer filed with the Division did not include Mrs. Kampmeyer's consortium claim.

On appeal, the Kampmeyers contend that they gave the requisite notice of Mrs. Kampmeyer's consortium claim by including it in the complaint with the Claims Commission, which was filed within the one-year statute of limitations.[10] They argue that the relationship between the Claims Commission and the Division is such that the Claims Commission complaint provided notice to the Division. Relying on *Hunter v. State*, No. 01-A-01-9210-BC00425, 1993 WL 133240 (Tenn. Ct. App. Apr. 28, 1993), the Kampmeyers contend that the Claims Commission should have simply forwarded the complaint containing Mrs. Kampmeyer's claim to the Division.

In *Hunter*, claimant Anthony Hunter did not file written notice of his wrongful death claim with the Division of Claims and Risk Management. Instead, he sent a complaint by Federal Express to the Claims Commission; it arrived one day before the statute of limitations ran. *Id.* at *1. The Claims Commission transferred the complaint to the Division, which *Hunter* described as in keeping with the Claims Commission's "practice" when "claims [were] mistakenly filed there." *Id.* The complaint, however, did not arrive at the Division until after the limitations period had lapsed. *Id.*

---

[10] *See* Tenn. Code Ann. § 9-8-402(b) (2020) ("The claim is barred unless the notice is given within the time provided by statutes of limitations applicable by the courts for similar occurrences from which the claim arises . . . ."); Tenn. Code Ann. § 28-3-104(a)(1) (2017) (one-year statute of limitations for personal injury actions). It is undisputed in this appeal that, if the complaint jointly filed with the Claims Commission by the Kampmeyers does not constitute written notice of Mrs. Kampmeyer's consortium claim under section 9-8-402(a)(1), her claim is time-barred.

After it received Mr. Hunter's complaint, the Division determined it could not act on it within the statutory ninety-day period, so it transferred the complaint back to the Claims Commission. *Id.* The Commission then dismissed the complaint as time-barred. *Id.* The claimant appealed.

On appeal, the Court of Appeals in *Hunter* reversed. Interpreting the statutes that govern the Claims Commission and the Division of Claims and Risk Management, the intermediate appellate court first noted that Tennessee Code Annotated § 9-8-307(a) describes the Claims Commission as having "exclusive" jurisdiction over certain types of claims. *Id.* Despite this exclusivity, the court observed, Tennessee Code Annotated § 9-8-402(c) gives the Division of Claims and Risk Management authority to make settlement offers on claims. They are transferred to the Claims Commission only after the Division has first had an opportunity to settle them. *Id.*

*Hunter* perceived these statutes as "potentially inconsistent," in that the Claims Commission purportedly had exclusive jurisdiction over claims against the State but the Division of Claims and Risk Management was given limited authority over them as well. *Id.* at *2. The potential inconsistency put a duty on the court, it said, to avoid construing the statutes in a manner that would place them "in conflict" with one another. *Id.* (citing *Parkridge Hosp., Inc. v. Woods*, 561 S.W.2d 754, 755 (Tenn. 1978)). The court then held:

> In order for us to construe these two provisions without conflict, we are compelled to find that the Division [of Claims and Risk Management], although from a different department of the state, is but an extension or adjunct of the Claims Commission. Otherwise, the Claims Commission could not be said to have *exclusive* jurisdiction. Thus, under our interpretation a claim filed with the Division [of Claims and Risk Management] or with the Claims Commission is valid if filed within the applicable statute of limitations.

*Id.* On that basis, *Hunter* reversed the Claims Commission's dismissal of the complaint.

In a footnote, the court commented that "allowing claims to be filed with the Claims Commission" did not prejudice the Division, and added: "Moreover, as the record indicates, claims mistakenly filed with the Claims Commission are usually forwarded to the Division . . . on the same day." *Id.* at *2 n.1.

In reliance on *Hunter*, the Kampmeyers maintain that they timely gave written notice of Mrs. Kampmeyer's consortium claim by including her claim in the complaint with the Claims Commission, which was filed within the statute of limitations. Under *Hunter*, a complaint filed with the Claims Commission within the statute of limitations serves as notice to the Division of Claims and Risk Management, so they satisfied the requirements of Tennessee Code Annotated § 9-8-402(a)(1). For that reason, the Kampmeyers insist, the Claims Commission erred in granting the State's motion to dismiss Mrs. Kampmeyer's consortium claim.

Though not explicitly stated in *Hunter*, the court in that case implicitly interpreted Tennessee Code Annotated § 9-8-402 (a)(1), which states that claimants must give written notice of claims "to the division of claims and risk management" as a condition precedent to recovery of damages. *Hunter*'s interpretation of that provision essentially adds "or the Claims Commission" to that statute based on the perceived conflict between sections 9-8-307(a) and 9-8-402(c), as well as the *Hunter* court's description of the Division of Claims and Risk Management as "an extension or adjunct" of the Claims Commission.

Is *Hunter*'s interpretation warranted? We think not. In statutory interpretation, "[t]he text of the statute is of primary importance." *In re Kaliyah S.*, 455 S.W.3d at 552 (quoting *Mills v. Fulmarque*, 360 S.W.3d 362, 368 (Tenn. 2012)). A statute should be read naturally and reasonably, with the presumption that the legislature says what it means and means what it says. *Chattanooga-Hamilton Cnty. Hosp. Auth. v. UnitedHealthcare Plan of the River Valley, Inc.*, 475 S.W.3d 746, 758 (Tenn. 2015). Here, the General Assembly could have added language to section 9-8-402(a)(1) stating that claimants can give written notice of claims to either the Division of Claims and Risk Management or to the Claims Commission. It chose not to do so.

Nor is there a conflict between sections 9-8-307(a) and 9-8-402(c) that would necessitate implication of additional language to section 9-8-402(a)(1). The Division of Claims and Risk Management has a limited function as to claims against the State—it can settle them, deny them, or choose not to act. Under section 9-8-402, the Division is "designed to afford the State ample opportunity to resolve a claim administratively, without the need for a lawsuit." *Moreno*, 479 S.W.3d at 804 (citing *Brown v. State*, 783 S.W.2d 567, 572 (Tenn. Ct. App. 1989) (Koch, J., concurring)). The Claims Commission retains exclusive jurisdiction to "determine," i.e., decide, claims that are not settled and proceed to litigation. *See* Tenn. Code Ann. § 9-8-307(a)(1) (2020 & Supp. 2021). The function

- 8 -

assigned to the Division of Claims and Risk Management does not infringe on the Claims Commission's ability to exercise exclusive jurisdiction over claims that are litigated. Thus, there is no conflict between sections 9-8-307(a) and 9-8-402(c) that would require us to hold, as *Hunter* did, that written notice of a claim against the State can be filed with either the Claims Commission or the Division of Claims and Risk Management.

We see little in the statutes to support *Hunter*'s assertion that the Division of Claims and Risk Management "is but an extension or adjunct of the Claims Commission." 1993 WL 133240, at *2. From the beginning, they were separate entities. *See* 1984 Tenn. Pub. Acts, ch. 972, §§ 1, 9. Indeed, at the time *Hunter* was decided, the two entities were housed administratively in different parts of state government. *See* 1993 WL 133240, at *2. At that time, the Division of Claims and Risk Management was in the Department of Treasury and the Claims Commission was in the Department of Commerce and Insurance.[11]

The Court of Appeals' opinion in *Hunter* included comments that "claims mistakenly filed with the Claims Commission are usually forwarded to the Division of Claims [and Risk Management]," describing this as the Commission's normal "practice." *Id.* at *1 & n.1. Whatever the record in *Hunter* may have shown, nothing in the record before us indicates the Commission has such a "practice" today. Moreover, nothing in the governing statutes requires the Claims Commission to forward complaints to the Division of Claims and Risk Management.

The Kampmeyers point out hopefully that another provision of section 9-8-402 requires the Claims Commission to transfer some claims to yet another separate entity, the Board of Claims. *See* Tenn. Code Ann. § 9-8-402(a)(5) ("Claims not within the jurisdiction of the claims commission shall be sent to the board of claims."). This shows only that the legislature knows how to require the Claims Commission to transfer claims when it wants them transferred. *Cf. Effler v. Purdue Pharma L.P.*, 614 S.W.3d 681, 689 (Tenn. 2020) ("[I]f the Legislature had intended to enact a certain provision missing from the statute, then the Legislature would have included the provision. Thus, the missing statutory provision is missing for a reason—the Legislature never meant to include it." (citing *Rich v. Tenn. Bd. of Med. Exam'rs*, 350 S.W.3d 919, 927 (Tenn. 2011))). No statute required the Claims Commission to transfer Mrs. Kampmeyer's claim, contained in the Kampmeyers' joint complaint, to the Division of Claims and Risk Management.

In sum, we find little to support *Hunter*'s holding. Consequently, we expressly overrule *Hunter*.

---

[11] From the beginning, the Division of Claims and Risk Management was housed administratively in the Department of Treasury. The Claims Commission was transferred from the Department of Commerce and Insurance to the Department of Treasury in 1997. *See* 1997 Tenn. Pub. Acts, ch. 165, § 2.

Both parties argue that this case is governed by our decision in *Moreno*, and indeed the Court of Appeals below held as much. *See Kampmeyer*, 2020 WL 5110303, at *4 ("Notwithstanding *Hunter*, we are bound by the binding precedent of the Tennessee Supreme Court in the subsequent case of *Moreno* . . . ."). We respectfully disagree. Certainly, *Moreno* discusses in general terms the statutes governing the Claims Commission and the Division of Claims and Risk Management, as noted above. However, the issue decided in *Moreno* was whether a written notice of claim filed in the Division of Claims and Risk Management within the statute of limitations is "an original complaint" within the meaning of our comparative fault statute, Tennessee Code Annotated § 20-1-119.[12] *Moreno*, 479 S.W.3d at 804; *see also Nationwide Mut. Fire Ins. Co. v. Memphis Light, Gas & Water*, 578 S.W.3d 26, 38 (Tenn. Ct. App. 2018) ("[T]he *Moreno* court merely provided guidance on what constitutes an 'original complaint' for purposes of [section 20-1-119]."). This issue differs significantly from the one presented in this appeal. For that reason, we disagree that *Moreno* controls this case.

Ultimately, our decision must rest on the text of Tennessee Code Annotated § 9-8-402(a)(1). It plainly requires claimants to give written notice of their claim "to the division of claims and risk management as a condition precedent to recovery." Tenn. Code Ann. § 9-8-402(a)(1). The statute does not provide claimants the option of giving written notice to the Claims Commission. "We presume the legislature intentionally omitted such an option." *Ken Smith Auto Parts v. Thomas*, 599 S.W.3d 555, 565 (Tenn. 2020). Reading the text of the statute naturally and reasonably, we must conclude that Mrs. Kampmeyer was required to give written notice of her consortium claim to the Division of Claims and Risk Management in order to recover in this case. She failed to do so. For that reason, we affirm.

## CONCLUSION

We hold that Tennessee Code Annotated § 9-8-402(a)(1) requires claimants to give written notice of their claim to the Division of Claims and Risk Management as a condition precedent to recovery. In doing so, we overrule *Hunter v. State*, No. 01-A-01-9210-BC00425, 1993 WL 133240 (Tenn. Ct. App. Apr. 28, 1993). Because Mrs. Kampmeyer did not give written notice of her loss of consortium claim to the Division of Claims and Risk Management within the one-year statute of limitations, we affirm the Claims Commission's grant of the State's motion to dismiss Mrs. Kampmeyer's claim.

---

[12] Thus, *Moreno* presented essentially the converse of the issue in this appeal. *Moreno* asked whether the written notice filed with the Division could serve as a complaint with the Commission, and the Kampmeyers argue that a complaint filed with the Commission can serve as a written notice to the Division.

- 10 -

The judgment of the Court of Appeals is affirmed. Costs on appeal are taxed to appellants Steven and Melissa Kampmeyer, for which execution may issue if necessary.

_____
HOLLY KIRBY, JUSTICE